**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5023**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMORRIS WATSON, a/k/a O,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:03-cr-00220-1)

Submitted:  June 21, 2007          Decided:  June 26, 2007

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith M. Stroud,Sr., Charlotte, North Carolina, for Appellant. Thomas Tullidge Cullen, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamorris Watson appeals from his 240-month sentence following his guilty plea to conspiracy to possess crack, cocaine, and marijuana with the intent to distribute and possession of cocaine with the intent to distribute. Watson's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence. Watson was advised of his right to file a pro se supplemental brief, but has not done so. Our review of the record discloses no reversible error; accordingly, we affirm Watson's conviction and sentence.

We find that Watson's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Watson was properly advised of his rights, the offenses charged, and the mandatory minimum and maximum sentences for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Watson argues that the sentence is unreasonable in light of his substantial assistance to the government and the fact that he has six children for which he provides support. We note that the district court granted the government's motion for a downward departure from a mandatory life sentence to a sentencing range of 240 to 293 months based on Watson's substantial assistance and

imposed sentence at the lowest point in that range.  The district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 240-month sentence. See 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  Additionally, we find that the sentence imposed—which was at the lowest point in the properly calculated guideline range—was reasonable.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006).  Accordingly, we affirm Watson's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Watson's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED